```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                                         :
NYSIA STROUD,                                            :
                                                         :
                              Petitioner,                :
                                                         :
            - against –                                  :   22-CV-5765 (VSB) (GWG)
                                                         :
                                                         :   OPINION & ORDER
SUSAN SQUIRES,                                           :
                                                         :
                              Respondent.                :
---------------------------------------------------------X
```

Appearances:

Nysia Stroud
*Pro Se*

Priscilla Israel Steward
New York State Office of the Attorney General
New York, New York
*Counsel for Respondent*

VERNON S. BRODERICK, United States District Judge:

  Petitioner Nysia Stroud ("Stroud") seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) This matter was referred to Magistrate Judge Gabriel W. Gorenstein, who issued an unopposed Report & Recommendation (the "Report" or "R&R") filed on March 28, 2023, recommending that Stroud's petition be dismissed, and her request for a stay until her state proceedings are completed be denied. (Doc. 26.) To date, no objections to the Report have been filed. Having reviewed the Report, I ADOPT it in its entirety.

  In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within 14 days of being served with a copy of the report. *Id.*; *see also* Fed. R. Civ.

P. 72(b)(2).  When a party submits a timely objection, a district court reviews de novo the parts of the report and recommendation to which the party objected.  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  When neither party submits an objection to a report and recommendation, or any portion thereof, a district court reviews the report and recommendation for clear error.  *Santana v. Comm'r of Soc. Sec.*, 17-CV-2648 (VSB) (BCM), 2019 WL 2326214, at *1 (S.D.N.Y. May 30, 2019); *Marte v. Berryhill*, 17-CV-3567 (VSB) (JLC), 2018 WL 5255170, at *1 (S.D.N.Y. Oct. 22, 2018); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Judge Gorenstein states in the Report that "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections." (Doc. 26 at 21.)  The Report was issued on March 28, 2023, and objections were due by April 11, 2023.  The Clerk of Court noted on April 25, 2023, that its mailing to Stroud containing the Report was undeliverable and that no forwarding address had been provided.  The Clerk of Court attempted to mail a copy of the Report to Stroud again at a different address on April 27, 2023.  Out of an abundance of caution, I waited a further 25 days after this mailing.  No party objected to the Report or requested additional time to object.[1]

Although I made efforts to provide Stroud sufficient time to respond given the apparent difficulties with mailing her the Report, it is unquestionably a petitioner's ultimate responsibility to provide the court with a usable address.  *See, e.g.*, *Tyrone Farmer, Petitioner, v. John Colvin,*

---

[1] Stroud's status is unclear.  She has not filed anything with the court since March 20, 2023, (Doc. 20), and it appears that she may have been released on parole.  *See* New York Department of Corrections and Community Supervision, Incarcerated Lookup (last access May 22, 2023), available at https://nysdoccslookup.doccs.ny.gov/.  An online search of New York's inmate locator suggests she received a release to parole on February 28, 2023.  As I have received no information from her discussing the implications of her release for her petition I decline to find that this release moots her petition.

2

*Respondent*, No. 17-CV-01091 (PMH), 2021 WL 4555041, at *1 (S.D.N.Y. Oct. 4, 2021) (adopting an unopposed report and recommendation where petitioner failed to provide a forwarding address).[2]

Accordingly, I have reviewed Judge Gorenstein's thorough and well-reasoned Report for clear error and, after careful review, found none. I therefore ADOPT the Report in its entirety. Stroud's Petition for a Writ of Habeas Corpus is DENIED. Stroud's request for a stay, (Doc. 15), is also DENIED.

The Clerk of Court is respectfully directed to mail a copy of this Opinion & Order to Petitioner.

SO ORDERED.

Dated: May 23, 2023
New York, New York

*[signature: Vernon Broderick]*

Vernon S. Broderick
United States District Judge

---

[2] Pro se litigants, like all litigants in the Southern District of New York, are required to let the court and parties know if their contact information changes. *See* United States District Court for the Southern District of New York, *How to Start a Lawsuit without an Attorney* (last visited May 23, 2023), available at https://nysd.uscourts.gov/prose/appearing-without-an-attorney ("All litigants, including pro se litigants, are required to let the court and other parties to the lawsuit know if their contact information changes."); *see also* Local Rule 1.3(d) of the United States District Courts for the Southern and Eastern Districts of New York ("If an attorney who is a member of the bar of this Court, or who has been authorized to appear in a case in this Court, changes his or her residence or office address, the attorney shall immediately notify the Clerk of the Court, in addition to serving and filing a notice of change of address in each pending case in which the attorney has appeared.")